NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO BARRERA-PERALTA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-706

Agency No.
A216-429-084

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Petitioner Fernando Barrera-Peralta, a native and citizen of Mexico, appeals

an order of the Board of Immigration Appeals ("BIA") affirming an Immigration

Judge's ("IJ") denial of Petitioner's application for cancellation of removal for

certain nonpermanent residents under 8 U.S.C. § 1229(b)(1). The BIA found that

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Petitioner did not establish that his deportation would amount to an "exceptional and extremely unusual hardship" to his U.S. citizen daughter, Diana Barrera-Ramirez. *See* 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1. Our jurisdiction when reviewing a hardship determination is limited to whether the "established facts satisfy the statutory eligibility standard," *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024), which is reviewed for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Wilkinson*, 601 U.S. at 225 (stating review of such "primarily factual" mixed questions is "deferential"). The "facts underlying any determination on cancellation of removal . . . [are] unreviewable." *Wilkinson*, 601 U.S. at 225. "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, . . . review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)).

Petitioner challenges the agency's hardship determination, alleging that the agency violated his due process rights by analyzing hardship to Diana under the premise that her mother Tanya would stay in the U.S. with her daughter. Petitioner alleges that because there is evidence Tanya would accompany Petitioner to Mexico and no evidence that she would remain in the U.S., the agency did not

consider all record evidence. Yet, there is record evidence that Tanya would remain in the U.S. During his removal hearing, Petitioner stated that, although he and Tanya were still "talking about it," he "wouldn't want her to go with me because we still have a daughter here that's only 20 years old and she still needs us." While Diana also testified that her mother "would probably go back with [Petitioner] because … she's not a citizen either," this does not establish that the IJ failed to consider all the record evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (stating that a noncitizen must "overcome the presumption" that agency reviewed all record evidence before he can establish a due process violation). The IJ explicitly stated that it had "carefully reviewed the entire record before it" and considered all evidence "even if not specifically discussed." The BIA's decision independently reviewed the IJ's factual findings for clear error and found none. Accordingly, Petitioner does not allege a colorable constitutional violation. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

2.     Petitioner also alleges that the agency violated his due process rights when it found that Diana could continue her nursing program despite Diana's testimony that she would not because of an unwillingness to take out student loans. This too is not a colorable due process argument because, as the agency concluded, "[a]dverse economic conditions" from a noncitizen's removal are insufficient to

support a finding of exceptional and extremely unusual hardship. Although Petitioner pays most of Diana's tuition, the agency found that Diana could take out loans to cover the costs of the remainder of her education. Such circumstances are not "substantially beyond that which would ordinarily be expected to result from" a parent's removal. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (BIA 2001)). Accordingly, Petitioner has not met his burden to show that his removal "would result in exceptional and extremely unusual hardship" to his qualifying child. *See* 8 U.S.C. § 1229b(b)(1)(D).[1]

**PETITION DENIED.**

---

[1] In light of our conclusion, we do not reach Petitioner's other argument that the BIA erred in determining that Diana had aged out of being a qualifying relative.